Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JOSÉ RÍOS RIVERA<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00179 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>CDB-130-26<br>CDB-131-26<br>CDB-132-26<br><br>Sobre:<br>Solicitud de Bonificaciones |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 8 de junio de 2026.

Comparece ante este Tribunal de Apelaciones, el señor José Ríos Rivera (en adelante, parte recurrente o señor Ríos Rivera), mediante el recurso de *Revisión Administrativa* de epígrafe y nos solicita que ordenemos al Departamento de Corrección y Rehabilitación (en adelante, DCR) que le acredite las bonificaciones por los trabajos de barbería que realizó.

Por los fundamentos que expondremos a continuación*, se desestima* el recurso de *Revisión Administrativa* de epígrafe por falta de jurisdicción, por prematuro.

**I**

La parte recurrente es miembro de la población correccional en el Centro de Detención Bayamón 1072.

En lo pertinente al caso que nos ocupa, el 27 de febrero de 2026, el señor Ríos Rivera presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del

DCR (en adelante, DRA).[1] En la misma, alegó que, durante el año 2018 al 2021, realizó trabajos de barbería en el Anexo Máxima Custodia Bayamón 292. Sin embargo, sostuvo que no se le habían acreditado las bonificaciones correspondientes.

El mismo día, el DRA emitió la *Respuesta al Miembro de la Población Correccional,* mediante la cual desestimó la referida petición.[2] Señaló que la parte recurrente había presentado dos (2) reclamos previos por el mismo asunto, los cuales también fueron desestimados por no cumplir con los términos aplicables. Igualmente, se le indicó al señor Ríos Rivera que se comunicara con su Técnico Sociopenal y revisara si las bonificaciones en controversia ya se habían concedido.

En desacuerdo, el 11 de marzo de 2026, la parte recurrente presentó una *Solicitud de Reconsideración.*[3] En su escrito, reconoció haber presentado solicitudes previas sobre el mismo asunto. No obstante, sostuvo que, a pesar de ello y de haberse comunicado con su Técnico Sociopenal, no recibió las aludidas bonificaciones. Siendo así, y en igual fecha, la DRA acogió la petición de reconsideración.[4]

Inconforme, y sin haberse emitido la determinación correspondiente, el 2 de abril de 2026, la parte recurrente presentó el recurso de epígrafe. En el mismo, el señor Ríos Rivera señaló que, a pesar de haber hecho múltiples gestiones, el DCR no le ha acreditado las bonificaciones correspondientes a sus labores en barbería.

Como parte del trámite apelativo, el 21 de abril de 2026, emitimos una *Resolución* concediéndole término a la parte recurrida, por conducto de la Oficina del Procurador General, para que

---

[1] Anejo I-B del DCR, págs. 1-2.
[2] *Íd.*, pág. 3.
[3] *Íd.*, pág. 5.
[4] *Íd.*, pág. 7.

presentara su alegato en oposición. Igualmente, ordenamos la presentación del expediente administrativo.

Surge del expediente ante nuestra consideración que, posterior a lo anterior, el 5 de mayo de 2026, la DRA emitió la *Resolución* aquí recurrida.[5] Mediante esta, concluyó que, conforme al Artículo IX del *Reglamento Interno de Bonificación por Buena Conducta, Trabajo, Estudio y Servicios Excepcionalmente Meritorios*, la solicitud de la parte recurrente impugnando las bonificaciones recibidas entre el año 2018 y 2021 fue presentada fuera del término de doce (12) meses aplicable.

Posteriormente, el 25 de mayo de 2026, el DCR presentó ante esta Curia su *Escrito en Cumplimiento de Resolución*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[6] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[7] La ausencia de jurisdicción puede ser levantada *motu*

---

[5] *Íd.*, págs. 10-11.

[6] Véase, *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

[7] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

*proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank,* 204 DPR 374 (2020).[8]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, y si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015); *R&B Power, Inc. v. Junta de Subastas ASG,* supra, pág. 698; *Souffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones,[9] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. "[U]n recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un recurso prematuro. ... Un recurso prematuro ... **priva de jurisdicción al tribunal al cual se recurre**". *Yumac Home Furniture v. Caguas Lumber Yard,* supra, pág. 107 (énfasis suplido). La presentación prematura de un recurso hace que carezca de eficacia y que no produzca efecto jurídico, "pues en ese momento o instante en el tiempo -*punctum temporis*- aún no ha nacido autoridad judicial

---

[8] *Torres Alvarado v Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

[9] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 117, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

o administrativa alguna para acogerlo". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

No obstante, existe una importante diferencia en las consecuencias que acarrea una desestimación de un recurso tardía, por un lado, y una desestimación de un recurso prematuro, por otro. "La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. **En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración**". *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107 (énfasis suplido).

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso ante nuestra consideración. Veamos.

Del expediente en autos surge que, tras ser desestimada su petición inicial, el 11 de marzo de 2026, la parte recurrente presentó una solicitud de reconsideración ante la DRA. La misma fue acogida por la DRA. No obstante, sin haberse emitido la determinación correspondiente, el 2 de abril de 2026, la parte recurrente presentó

el recurso que nos ocupa. Por tanto, a la fecha en que solicitó nuestra intervención, el término de noventa (90) días que dispone la DRA para dirimir sobre la petición de reconsideración no había transcurrido.[10]

Es menester destacar que de los documentos ante nuestra consideración emana que la DRA emitió la *Resolución* pertinente el 5 de mayo de 2026. Sin embargo, al momento en el cual se presentó el recurso de epígrafe la DRA aún ostentaba jurisdicción sobre al asunto, puesto que el término aplicable no había vencido.

Siendo así, el recurso que nos ocupa resulta prematuro. En consecuencia, carecemos de jurisdicción para entender sobre los méritos de la controversia traída a nuestra atención, por lo que desestimamos el recurso de epígrafe.

**IV**

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Véase*, Sección 3.15 de la *Ley Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9655.